### THE MARGARETHE BLANCA.[*]

(Circuit Court, E. D. Pennsylvania. October 23, 1882.)

ADMIRALTY—GENERAL AVERAGE—SPARS BLOWN OVERBOARD AND CUT ADRIFT.
    A portion of a vessel's spars and sails were blown overboard by a gale and lay along-side the vessel, pounding against her side; but secured to her by the rigging. The gale continuing, the spars were cut adrift in order to prevent them from pounding a hole in the vessel's side. Held, (affirming the decree of the district court,) that the cargo must contribute to the loss sustained by their sacrifice.

Appeal from a Decree of the District Court. The facts and the opinion of the district court are fully reported in 12 FED. REP. 728.

Joseph Parrish, Edward Hopper, and Treadwell Cleveland, for appellant.

Charles Gibbons, Jr., for appellee.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

McKennan, C. J.   The law of jettison and general average is so accurately and concisely stated, in the opinion of the learned judge of the district court, that it need not be restated here, and its decisive applicability to the present case in support of the libel requires no additional argument to demonstrate.

On a voyage of the Margarethe Blanca from Pillau to Philadelphia a violent storm occurred, by which the vessel's jib-boom and foremast head were snapped, and her maintop-gallant mast was carried away.   All the spars, with their sails and yards, fell over the side of the vessel, to leeward, in the water, and were there held together by their rigging, and to the vessel by the running and standing rigging.   The spars pounded heavily against the ship in the sea-way, and the jib-boom chafed and plunged into and against her bows.   The vessel and her cargo were thus in imminent danger of shipwreck; and to avert it, and save the ship and cargo, the master cut away the disabled spars, sails, and rigging, and they were cast adrift and lost.

There was, then, the co-existence of the essential elements of a good claim to general average—imminent peril, involving alike the vessel, cargo, and crew; and a voluntary jettison of part of the spars, sails, and rigging, to avoid this peril.  'But it is earnestly urged that the jettisoned material was "wreck," and hence was not voluntarily sacrificed, and is not a legitimate subject of compensation by general average.   In the sense of displacement, and hence of present unadaptedness to a serviceable use, it is properly so described.   But it was not useless because it was irrecoverably lost.   It remained attached to the vessel by rigging, which was new, strong, and unbroken. If the storm had abated it could certainly have been preserved.   If the storm continued and the vessel survived, the weight of the proof is that the jettisoned spars, sails, and rigging would probably have been saved also.   But the storm had rendered it, for the time being, useless, and it was a cause of additional and increasing peril to the vessel and cargo.   With a probability of its eventual salvage in common with the ship, to avoid the danger impending over both it was cut away and sent adrift.   Under these circumstances the property was not valueless; and although its subsequent loss may have been inevitable, this did not divest the casting away of it of its voluntary character.

As was said by Mr. Justice Grier in *Barnard* v. *Adams* 10 How. 305:

"And when it is said of the *jactus* that it is sacrificed for the benefit of the whole, it means no more than that it is selected to undergo the peril in place of the whole, and for the benefit of the whole. It is made (if we may use another theological phrase) the 'scapegoat' for the remainder of the joint property exposed to common destruction. The *jactus* is said to be sacrificed, not because its chance of escape was separate, but because of its selection to suffer, be it more or less, instead of the whole, whose chances of safety, as a whole, had become desperate. The imminent destruction of the whole has been evaded as a whole, and part saved by transferring the whole peril to another part. \* \* \* The loss or damage arising from its assuming the peril that the ship may escape, may truly be said to be the real 'sacrifice,' in the popular use of the phrase. Its value is not measured by its hopes of safety, for, by the hypothesis, it had none; but its right to contribution is founded on its voluntary assumption to run all the risk, or bear the brunt, that the remainder may be saved from the common peril."

Participating, then, with the ship and cargo in a peril which seemed to render the loss of all inevitable, the disabled rigging was cast away to save the remainder, and was thus "sacrificed" in the proper sense of a lawful jettison, and its loss must be compensated by general average. The decree of the district court is therefore affirmed, and a decree will be entered for the sum claimed in the libel, with interest and costs.

See *The Margarethe Blanca,* 12 FED. REP. 728.